Linda M. PEPLINSKI, Claimant-Respondent,

v.

Richard F. HEARN, M.D., The Medical Protective Company and Wisconsin Patients Compensation Fund, Respondents-Appellants.

Court of Appeals

*No. 83–383. Submitted on briefs September 6, 1983.—*
*Decided October 13, 1983.*
(Also reported in 340 N.W.2d 565.)

For the respondents-appellants the cause was submitted on the briefs of *Zirbel, Howard & Malone, S.C.,* attorneys, and *Kathleen E. Bonville,* of counsel, of Milwaukee.

For the claimant-respondent the cause was submitted on the brief of *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.,* attorneys, and *Peter J. Hickey* and *James J. Hinchey, Jr.,* of counsel, of Green Bay.

Before Scott, C.J., Voss, P.J., and Brown, J.

VOSS, P.J. Dr. Richard F. Hearn and his insurers appeal from an order dismissing their petition for trial pursuant to sec. 655.19, Stats. The issue before us is whether Hearn's filing of the petition for trial in a county other than the county designated in the submission of controversy tolled the time limits for commencing the action. Since we view the statute to be one of venue, we find that the time limits were tolled upon filing and reverse the trial court's order dismissing the petition.

A medical malpractice action was brought by Linda M. Peplinski against Dr. Hearn. Peplinski submitted her controversy pursuant to sec. 655.04, Stats., and Walworth was the named county in her submission. Hearings were conducted before a patient's compensation panel in the Milwaukee County Courthouse. On July 27, 1982, the panel found Hearn guilty of medical malpractice.

On November 3, 1982, Hearn petitioned the circuit court of Milwaukee county for a trial, Judge Harold B. Jackson presiding. Hearn then moved the court to order that a complaint be filed by Peplinski.

On November 29, 1982, a hearing was held before Judge Jackson. The court, in an order dated December 7,

1982, denied Hearn's petition and motion. Further, the court, on Peplinski's motion, found that it lacked subject matter jurisdiction because the proper county designated in the submission of controversy was Walworth, and the 120-day time limit for filing in the proper county had expired pursuant to sec. 655.19, Stats.

Upon reconsideration, Judge Jackson found sec. 655.19, Stats., to be a statute of venue. Since Hearn filed his petition with the clerk of Milwaukee county circuit court within the time limits, the court ordered the matter transferred to Walworth county circuit court.

Judge John Byrnes, Circuit Judge in Walworth county, after reviewing the file, found that the submission of controversy designated Walworth county and that no party had commenced an action for trial in a Walworth county circuit court within the requisite time period. Judge Byrnes then concluded that the Walworth county courts lacked subject matter jurisdiction and denied the petition.

According to sec. 655.19, Stats., "any party to a panel hearing may, within 120 days after the date of an order made by a panel, commence an action for a trial in the circuit court for the county designated in the submission of controversy under s. 655.04." In this case, Hearn filed his petition with the circuit court of Milwaukee county ninety-nine days after the panel issued its decision, well within the statutory time limit. However, the petition was not filed in the county designated in the submission of controversy.

Hearn argues that the Milwaukee county circuit court was correct in construing the statute to be one of venue rather than jurisdiction. Peplinski, on the other hand, takes the position of the Walworth county circuit court and views the statute as jurisdictional. We agree with Hearn.

■
We note initially that the 120-day time limit for bringing an action in circuit court under sec. 655.19, Stats., is jurisdictional. It is, in essence, a statute of limitation. Its purpose is to give finality to the panel's decision. *Tamminen v. Aetna Casualty & Surety Co.,* 109 Wis. 2d 536, 545, 327 N.W.2d 55, 59 (1982).

Our supreme court in *Mueller v. Brunn,* 105 Wis. 2d 171, 313 N.W.2d 790 (1982), discussed subject matter jurisdiction and the competency of courts in general. The court in *Mueller* quoted the following:

Where a statute provides that an action shall be brought in a particular county and it is brought in a different county of the State, it depends upon the interpretation of the statute whether the judgment is void. Ordinarily such a statute is not construed as making the judgment void. The defect is one of venue, not of jurisdiction.

*Id.* at 178, 313 N.W. 2d at 793, *quoting Restatement of Judgments,* § 7 comment b (1942). Therefore, we must interpret the meaning of the jurisdictional language contained in sec. 655.19, Stats.

■
The statutory language at issue states that a party "may . . . commence an action for a trial in the circuit court for the county designated in the submission of controversy . . . ." It does not set forth a specific county which would have sole jurisdiction over the action as in other statutes. Thus, it is unlike sec. 50.39(4), Stats., for example, which specifically proscribes jurisdiction over enforcement of orders issued by the Department of Health and Social Services pursuant to the Hospital Regulation and Approval Act in the circuit court of Dane county and no other. Similarly, under sec. 227.-16(1)(a), Stats., when a nonresident petitions for judicial review of an administrative decision "[t]he proceed-

ings shall be in the circuit court for Dane county . . . ." In sec. 655.19, Stats., no such specificity is stated. Therefore, any circuit court in this state has jurisdiction over matters filed pursuant to sec. 655.19. However, only the circuit court of a given county has the *competency* to hear the matter. That county is the one designated in the submission of controversy. A defect of competency is not jurisdictional. *Mueller*, 105 Wis. 2d at 189, 313 N.W.2d at 798. Therefore, Judge Jackson had jurisdiction over the matter.

The only remaining issue is whether or not the time limits of sec. 655.19, Stats., were tolled when Hearn filed the action in Milwaukee county. Again, we turn to the authority in *Mueller*, stating "the running of the statute of limitations would be tolled at the time personal jurisdiction is acquired and the complaint filed in any court which had subject matter jurisdiction although that venue was improper under the statute." *Id.* at 189, 313 N.W.2d at 798. As we previously stated, Milwaukee county circuit court had subject matter jurisdiction over the action, and the petition was timely filed. We rule the time limit was tolled upon filing of the petition and that Judge Jackson properly transferred the action to the county designated in the submission of controversy. Therefore, we remand the case to Walworth county for further proceedings.

*By the Court.*—Order reversed and remanded.